STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
KENNETH C. FRITZLER, RESPONDENT.
689 N.W.2d 193

Filed December 3, 2004.    No. S-04-1339.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Kenneth C. Fritzler, was admitted to the practice of law in the State of Nebraska on June 22, 1970, and at all times relevant hereto was engaged in the private practice of law in Kearney, Nebraska. A statement regarding respondent's conduct stemming from his relationship with Jean Myers and Myers' attempt to defraud William Crosier of approximately $9,400 was received by the Counsel for Discipline. The allegations were treated by the Counsel for Discipline as a grievance.

On October 4, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest that he violated Canon 1, DR 1-102(A)(1) (violating disciplinary rule) and DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). In his conditional admission, respondent waived all proceedings against him in connection therewith in exchange for a stated form of a consent judgment of a public reprimand. Upon due consideration, the court approves the conditional admission and orders that respondent be publicly reprimanded.

## FACTS

In his conditional admission, respondent has stipulated to certain facts that can be summarized as follows: Myers was a former employee and friend of respondent. In August 2002, Myers was convicted of theft by deception, a Class III felony, and placed on probation, the terms of which required her to maintain full-time employment and make restitution of $28,400. Respondent

attempted to assist Myers in finding employment. Unbeknownst to respondent, Myers undertook a new scheme in which she defrauded Crosier of approximately $9,400. Crosier discovered Myers' scheme and demanded the return of his money.

At Myers' request, on December 11, 2002, respondent wrote a check on his personal checking account payable to Crosier. At the time respondent wrote the check, there were insufficient funds in his checking account to cover the check amount. After giving the check to Crosier, respondent placed a stop-payment order on the check. Crosier contacted the Kearney police to report the theft after he was unable to cash respondent's check.

Respondent cooperated with the police in their investigation of Myers, and on March 19, 2004, respondent entered a no contest plea to a misdemeanor charge. On May 10, respondent was sentenced to 1 year's probation and a $1,000 fine, and he was ordered to make restitution in the amount of $9,400 to Crosier. Respondent has paid the fine and has made full restitution to Crosier. According to the conditional admission, respondent has no prior criminal record.

## ANALYSIS

Rule 13 provides in pertinent part:

> (A) At any time prior to the Clerk's entering a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of a Grievance or of a Complaint in exchange for a stated form of consent judgment of discipline as to all or a part of the Grievance or Complaint pending against him or her as determined to be appropriate by the Counsel for Discipline and the appropriate Committee on Inquiry; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly admits the truth of the matters conditionally admitted and knowingly

does not challenge or contest that he violated DR 1-102(A)(1) and (6), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (6), as well as his oath of office as an attorney, and that respondent should be and hereby is publicly reprimanded. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.